IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV333-02-MU

| | | |
|---|---|---|
| JOHN FRANK WARREN, JR.<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| JOANNE WORLEY, Nursing<br>  Supervisor at Craggy<br>  Correctional Center;<br>JAMES TURPIN, Physician<br>  at Craggy Correctional<br>  Center; and<br>DOUG MITCHELL, Superin-<br>  tendant at Craggy Cor-<br>  rectional Center,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**THIS MATTER** comes before the Court on initial review of the plaintiff's Complaint under 42 U.S.C. §1983, filed November 10, 2005. For the reasons stated herein, the instant Complaint will be <u>dismissed</u> without prejudice.

According to the Complaint, the plaintiff alleges that at some point in 2003, he began to complain to defendant Dr. Turpin, of back and hip pains. On July 15, 2003, the plaintiff underwent x-ray photographs of the affected areas. According to the plaintiff, the subject x-rays showed that he had arthritis in both hips, a fracture at lumbar # 3, and degenerative changes in his right hip. The plaintiff then asked defendant Turpin to schedule an MRI diagnostic test for him.

However, defendant Turpin did not schedule that test for the plaintiff, but instead prescribed pain medications for him. In addition, an unidentified Prison employee furnished the plaintiff with an additional mattress in order to help him sleep more comfortably.

Since that time, the plaintiff allegedly has continued to experience pain in his hip and back areas. In addition, the plaintiff now complains of pain radiating into the calf muscle of his left leg. However, more recent x-rays which were taken in March and May of 2005 show no abnormalities. Nevertheless, presumably based upon the plaintiff's continued complaints of pain, defendant Turpin suggested an alternative pain medication for the plaintiff, and agreed to furnish him with a seat cushion to make him more comfortable while sitting. The plaintiff declined the offer for an alternative medication, and instead requested that the doctor merely increase the strength of the medication he already was taking. The plaintiff also repeated his request for an MRI, which request was declined by the doctor.

Thereafter, the plaintiff filed a grievance complaining that he was being denied the MRI. In response, defendant Nurse Worley noted that the plaintiff's recent x-rays had failed to show any abnormalities. Therefore, the plaintiff's grievance was denied.

Last, the plaintiff allegedly forwarded that grievance to defendant Superintendent Mitchell, and asked him to review his

complete medical history before responding to it. However, the plaintiff contends that defendant Mitchell also must have relied only upon the results of his most recent x-rays, and not the results from the 2003 x-ray, because he denied the grievance on the grounds that the most recent test results were normal.

By the instant Complaint, the plaintiff is seeking to have this Court direct the defendants to provide him with an MRI, and to take any additional action, including surgery, which might be indicated by such test. However, inasmuch as the plaintiff's allegations do not, at least not at this point, rise to the level of stating a claim for deliberate indifference to a serious medical condition, he cannot prevail in this action. However, because the Court recognizes that if the defendants were to stop attempting to address the plaintiff's complaints, he might be able to state a claim on that basis, the dismissal of this action will be without prejudice.

Indeed, it is important to note at the outset of this analysis that it is well settled that neither malpractice nor negligence in diagnosis or treatment can state a constitutional claim for relief in the context of an action brought under §1983. Rather, as the Fourth Circuit has reiterated, "[d]eliberate in-difference is a very high standard--a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). That is, "more than an ordinary lack of due care for an

inmate's interests or safety" is required here. Whitley v. Albers, 475 U.S. 312, 319 (1986). Thus, even if defendant Turpin was negligent in his diagnosis or treatment of the plaintiff's complaints of pain, such conduct simply would not rise to the level of stating a constitutional claim for relief. See Estelle v. Gamble, 429 U.S. 97 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998); Sosebee v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986).

Moreover, even assuming the existence of a serious medical problem, it is also well settled that mere disagreements between an inmate and a physician about the course of treatment to be taken--as seems to be the case here--does not state a claim for deliberate indifference under the Eighth Amendment. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

This standard cannot be satisfied by simply showing that the defendant's response is inappropriate in light of the subject risk. Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). On the contrary, in order to show deliberate indifference, the defendant's action must be without legitimate penological objective. Martin v. Gentile, 849 F.2d 863, 870-71 (4th Cir. 1988).

In the instant case, the plaintiff concedes both that his two most recent test results showed no abnormalities--albeit he believes that the x-ray machine which performed those tests is

4

inoperable; and that the doctor and others are continuing to work with him with medications and other measures to help manage his complaints of pain and discomfort.

Furthermore, the Court notes that even if the plaintiff were not an inmate, he would have a very limited ability to circumvent his doctor's treatment recommendations. Indeed, it is well recognized that treating physicians have the authority to exercise their best professional judgment on behalf of their patients, and insurance companies routinely require their beneficiaries to follow their doctors' recommendations before resorting to more expensive treatment measures.

Similarly on this point, the Court further notes that the test which the plaintiff is requesting is expensive and, given the plaintiff's status as an inmate, likely would not be easy to schedule. Therefore, in the absence of even a suggestion that defendant Turpin has been ignoring his complaints, the undersigned believes that the plaintiff must be required to give the doctor an opportunity to fully exhaust his efforts with the prescribed treatment modalities before allowing him to resort to federal litigation. To put it another way, inasmuch as there has been "no showing of behavior which would 'shock the conscience,'" this Complaint must be dismissed without prejudice. <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990).

Finally, it goes without saying that because the plaintiff's

allegations against defendants Worley and Mitchell essentially are derivative of his claim against defendant Turpin, those claims also must fail on the facts as set forth herein. Accordingly, this Complaint will be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's Complaint be **DISMISSED, without prejudice, in its entirety**.

**SO ORDERED.**

**Signed: December 5, 2005**

Graham C. Mullen
Chief United States District Judge