```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                     1:05CV333-02-MU
```

| | | |
|---|---|---|
| JOHN FRANK WARREN, JR. ) | | |
|     Plaintiff, ) | | |
| ) | | |
|     v. ) | | **ORDER** |
| ) | | |
| JOANNE WORLEY, Nursing ) | | |
|   Supervisor at Craggy ) | | |
|   Correctional Center; ) | | |
| JAMES TURPIN, Physician ) | | |
|   at Craggy Correctional ) | | |
|   Center; and ) | | |
| DOUG MITCHELL, Superin- ) | | |
|   tendant at Craggy Cor- ) | | |
|   rectional Center, ) | | |
|     Defendants. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on the plaintiff's letter-motion (document # 8), seeking reconsideration of the Court's denial of his Application to proceed in forma pauperis.

According to the plaintiff's letter, the Court based its original Order concerning his IFP Application on erroneous information. That is, the plaintiff reports that notwithstanding the information which his prison sent to this Court, he had not accrued $603.00 in his inmate trust account during the six months preceding his Application.

In support of his letter-motion, the plaintiff has submitted a copy of his inmate trust account statement, reflecting that during the period in question, he actually had no money in his

account. In fact, during that time period, the plaintiff owed about $99.00 to his prison's medical facility for certain medical treatment which he had received. In addition, the Court has compared the inmate trust account statement which the prison sent to this Court with the one which the plaintiff has submitted, and has determined that the prison's statement pertains to "James Warren," not the plaintiff, John Warren. Accordingly, to the extent that the Court's original Order was based upon erroneous information, the plaintiff's request for reconsideration will be granted.

However, as the Court's Order of November 23, 2005 (document # 3-1) explained, federal law requires a plaintiff in a civil action to pay the filing fee. Title 28 U.S.C. §1915(b)(1) merely allows indigent inmate plaintiffs to pay the required filing fees on a schedule, instead of requiring payment of the entire fee at the time that the action is filed. Consequently, the plaintiff's lack of funds does not alleviate that obligation, but will allow the prison to deduct his payments at a lower percentage than was originally calculated. More particularly, in light of the plaintiff's account balance, pursuant to 28 U.S.C. §1915(b)(2), he will be required to make monthly payments in the amount of 10%( not 20%) of the preceding month's income credited to the plaintiff's trust account.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the plaintiff's letter-motion for reconsideration is **GRANTED;**

2. That the Court's Order of January 5, 2006 (document # 8) is **MODIFIED** as follows:

The correctional facility at which the plaintiff is incarcerated is required to deduct monthly payments of **10%** of the preceding month's income credited to the plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments will continue until the statutory fee of $250.00 is paid in full.

3. That every other reference to "20%" as set forth in the Court's Order of January 5, 2006, shall be replaced with 10%. All other aspects of the Court's Order of January 5, 2006 will remain in full force and effect.

**SO ORDERED.**

Signed: October 9, 2007

Graham C. Mullen
United States District Judge